UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

**MICROTEL INNS AND SUITES FRANCHISING, INC.**, a Georgia Corporation,

*Plaintiff,*

v.

**DELTA LAND PARTNERS, LLC**, a Louisiana Limited Liability Company; **CHRISTOPHER LEOPOLD**, an individual; **MARGARET S. VAN HAVERBEKE**, an individual; **MICHAEL L. VAN HAVERBEKE**, an individual; and **BRIAN J. VAN HAVERBEKE**, an individual,

*Defendants.*

Civil Action No. 24-01040

ORDER

---

**THIS MATTER** comes before the Court by way of Plaintiff Microtel Inns and Suites Franchising, Inc.'s ("MISF") Motion for Default Judgment against Defendants, Delta Land Partners, LLC ("Delta"), Margaret S. Van Haverbeke ("M. S. Van Haverbeke"), and Michael L. Van Haverbeke ("M. L. Van Haverbeke") (collectively, "Defendants"),[1] pursuant to Federal Rule of Civil Procedure 55(b), ECF No. 21 (the "Motion");

and it appearing that on December 30, 2009, "MISF entered into [a] License Agreement with Delta for the operation of an 83-room[2] Microtel Inns and Suites® guest lodging facility located at 14740 Highway 23, Belle Chasse, Louisiana 70037, designated as Site No.

---

[1] Defendant Christopher Leopold ("Leopold") filed an Answer in this matter. See ECF No. 10. MISF voluntarily dismissed Defendant, Brian J. Van Haverbeke ("B. Van Haverbeke"), without prejudice by Stipulation dated September 19, 2024. See ECF No. 18.

[2] By Amendment to License Agreement dated November 2, 2010, the parties amended Attachment A of the License Agreement to reflect that the number of rooms at the Hotel had decreased from 83 rooms to 57 rooms. See ECF No. 1, Ex. B.

37330-89576-01 (the 'Hotel')"; see ECF No. 1 (the "Complaint") ¶¶ 15, 17 & Ex. A (the "License Agreement");

and it appearing that on April 14, 2015, MISF and Delta entered into a SynXis Subscription Agreement (the "SynXis Agreement"), "which govern[s] Delta's access to and use of certain computer programs, applications, features, and services, as well as any and all modifications, corrections, updates, and enhancements to same," id. ¶ 16 & Ex. C;

and it appearing that "[p]ursuant to section 10.A of the License Agreement, Delta was obligated to operate a Microtel Inns and Suites® guest lodging facility for a twenty-year term from the authorized opening date," id. ¶ 17;

and it appearing that "[p]ursuant to sections 3.A(11) and 14.1 of the License Agreement and section 5 of the SynXis Agreement, Delta was required to make certain periodic payments to MISF for royalties, marketing/reservation contributions, taxes, interest, SynXis fees, and other fees" (collectively, the "Recurring Fees"), during the term of the License Agreement, id. ¶ 18;

and it appearing that "[p]ursuant to section 3.D(6) of the License Agreement, Delta agreed that interest is payable on the overdue amount from the due date until paid in full at the lesser rate of one and one-half percent (1.5%) per month or the maximum rate permitted by law," id. ¶ 19 (quotation marks omitted);

and it appearing that pursuant to section 10.C of the License Agreement, MISF could terminate the License Agreement if Delta failed to pay any amount due MISF under the License Agreement, id. ¶ 22;

and it appearing that "[p]ursuant to section 10.E of the License Agreement, Delta agreed that, in the event of a termination of the License Agreement pursuant to section 10, it would pay

2

liquidated damages to MISF in accordance with a formula specified in the License Agreement," id. ¶ 23;

and it appearing that "[p]ursuant to sections 10.E and 13.K of the License Agreement, Delta agreed to reimburse MISF for any attorneys' fees or costs or expenses [MISF incurs] to enforce any of [Delta's] obligations [under the License Agreement] or to defend against any claim, action or proceeding due to [Delta's] failure to perform any obligation imposed upon [Delta] . . . ." id. ¶ 25 (quotation marks omitted);

and it appearing that "[e]ffective as of the date of the License Agreement, Leopold, M. S. Van Haverbeke, M. L. Van Haverbeke, and B. Van Haverbeke provided MISF with a Guaranty of Delta's obligations under the License Agreement" (the "Guaranty"), id. ¶ 26 & Ex. D;

and it appearing that in accordance with the Guaranty, Leopold, M. S. Van Haverbeke, M. L. Van Haverbeke, and B. Van Haverbeke agreed, inter alia, "that upon a default under the License Agreement, they would guarantee and promise to perform all the obligations of [Delta] under the License Agreement . . . ." id. ¶ 27 & Ex. D;

and it appearing that MISF alleges that Delta repeatedly failed to pay Recurring Fees to MISF in breach of its obligations under the License Agreement, id. ¶ 30;

and it appearing that MISF advised Delta of these defaults by letters dated February 21, 2019, May 17, 2019, September 19, 2019, January 9, 2020, February 13, 2020, and May 18, 2020, id. ¶¶ 31–36 & Exs. E–J;

and it appearing that MISF alleged that Defendants failed to cure these defaults, see generally Compl.;

and it appearing that by letter dated June 30, 2020, "MISF terminated the License Agreement and advised Delta that it was required to pay to MISF as liquidated damages for

3

premature termination the sum of $171,000.00 as required under the License Agreement, and all outstanding Recurring Fees through the date of termination," id. ¶ 37 & Ex. K;

and it appearing that on February 22, 2024, Delta commenced the present action against Defendants, asserting claims for breach of the License Agreement and Guaranty and seeking liquidated damages, outstanding Recurring Fees, and prejudgment interest, see generally id.;[3]

and it appearing that Defendants have not appeared, answered, moved, or otherwise responded to the Complaint, see generally Docket;

and it appearing that on April 29, 2024, MISF filed a request for a Clerk's entry of default as to Defendants pursuant to Federal Rule of Civil Procedure 55(a), which was granted on May 6, 2024, ECF No. 12 & May 6, 2024 Docket Entry;

and it appearing that on October 11, 2024, MISF filed the instant Motion pursuant to Federal Rule of Civil Procedure 55(b), see generally Mot.;

and it appearing that MISF's Motion requests $666,034.04, inclusive of outstanding Recurring Fees, liquidated damages, and prejudgment interest, see Mot. at 7–8;

and it appearing that as Defendants have not responded to the pending Motion, the Court deems the Motion unopposed; see generally Docket;

---

[3] MISF pleads additional counts in the Complaint that the Court does not discuss in this Order. First, MISF seeks an accounting of Delta's financial information pursuant to sections 6.B and 6C of the License Agreement to confirm amounts due and owing to MISF based on calculations that rely on certain gross room revenues. See Compl. ¶¶ 38–41. Second—as an alternative to its liquidated damages claims—MISF alleges that by virtue of the premature termination of the License Agreement, MISF sustained a loss of future revenue over the remainder of the term of the License Agreement and demands actual damages. Id. ¶¶ 48–51. Third—as an alternative to its breach of contract claims for Recurring Fees—MISF alleges that Delta's failure to pay Recurring Fees due and owing under the License Agreement constitutes unjust enrichment. Id. ¶¶ 56–59. The Court does not address any of these counts directly as MISF seeks only liquidated damages, prejudgment interest, and outstanding Recurring Fees owed to it as a result of Defendants' breaches of the License Agreement and Guaranty in the instant Motion.

and therefore, "[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages," Doe v. Simone, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2023);

and it appearing that the Court may enter default judgment only against properly served defendants, see Fed. R. Civ. P. 55(b); E.A. Sween Co., Inc. v. Deli Express of Tenafly, LLC, 19 F. Supp. 3d 560, 567 (D.N.J. 2014);

and it appearing that Defendants were properly served[4], see ECF Nos. 6–8, Returns of Service;

and it appearing that MISF properly effectuating service on Defendants established a deadline of March 23, 2024, for M. L. Van Haverbeke, April 23, 2024, for M. S. Van Haverbeke, and March 25, 2024, for Delta, to appear, answer, move, or otherwise respond to MISF's Complaint, see id.; Fed. R. Civ. P. 12(a)(1)(A)(i);

and it appearing that Federal Rule of Civil Procedure 55(b) authorizes a court to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading, see Fed. R. Civ. P. 55(b); see also Allaham v. Naddaf, 635 F. App'x 32, 36 (3d Cir. 2015) ("The entry of default judgment is not a matter of right, but rather a matter of discretion.");

and it appearing that before entering default judgment pursuant to Rule 55(b), the Court must ensure that (1) it has subject matter jurisdiction over the matter and personal jurisdiction over

---

[4] Federal Rule of Civil Procedure 4(e) provides for certain methods to properly effect service, such as "delivering a copy of the summons and of the complaint to the individual personally." Fed. R. Civ. P. 4(e)(2)(A). Here, MISF's Affidavits of Service for M. S. Van Haverbeke and M. L. Van Haverbeke recount that MISF, through a process server, served them on April 2, 2024, and March 2, 2024, respectively, by "delivering a copy of the summons and of the complaint to the individual personally." See ECF Nos. 6, 8. Further, Federal Rule of Civil Procedure 4(h) provides that a corporation, partnership, or other unincorporated association, i.e. a limited liability company, may be served by "[personally] delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ." Fed. R. Civ. P. 4(h)(1)(B). Here, MISF's Affidavit of Service for Delta recounts that MISF, through a process server, served Delta's registered agent on March 4, 2024. See ECF No. 7.

the parties, (2) the parties have properly been served, (3) the complaint sufficiently pleads a cause of action, and (4) the plaintiff has proved damages, Days Inn Worldwide, Inc. v. Tulsipooja Hosp., LLC, No. 15-5576, 2016 WL 2605989, at *2 (D.N.J. May 6, 2016);

and it appearing that the Court has subject matter jurisdiction because MISF is a corporation organized and existing under the laws of Georgia with its principal place of business located in New Jersey, see Compl. ¶ 1; Defendant Delta—along with its constituent member companies—is a Louisiana limited liability company with its principal place of business located in Louisiana, id. ¶¶ 3–5; Defendants M. S. Van Haverbeke and M. L. Van Haverbeke are citizens of Louisiana, id. ¶¶ 7–8; and the amount in controversy exceeds $75,000, see Mallet Aff. ¶¶ 34, 36, ECF No. 21.4; Mot. at 4; thus, the Court has diversity jurisdiction, see 28 U.S.C. § 1332; see also Schneller ex rel. Schneller v. Crozer Chester Med. Ctr., 387 F. App'x 289, 292 (3d Cir. 2010) ("[T]he party asserting jurisdiction must show that there is complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000.");

and it appearing that the Court has personal jurisdiction over Defendant Delta because Delta consented to jurisdiction in this District through section 13.N of the License Agreement, see Compl. ¶ 12 & Ex. A § 13.N; M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10 (1972) (holding that forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances"); see also In re Diaz Contracting, Inc., 817 F.2d 1047, 1052 (3d Cir. 1987) (declaring the Bremen holding to be in accord with New Jersey law);

and it appearing that the Court has personal jurisdiction over Defendants M. S. Van Haverbeke and M. L. Van Haverbeke because they consented to jurisdiction in this District by signing the Guaranty, pursuant to which they acknowledged that they were personally bound by

"each and every covenant, term, condition, agreement and undertaking" under the License Agreement, see Compl. ¶ 13 & Ex. D; see also Days Inn Worldwide, Inc. v. T.J. LLC, No. 16-8193, 2017 WL 935443, at *2 (D.N.J. Mar. 9, 2017) ("Personal jurisdiction can be waived through a contractual forum selection clause."); Shelter Sys. Grp. Corp. v. Lanni Builders, Inc., 622 A.2d 1345, 1346–47 (N.J. Super. Ct. App. Div. 1993) (holding that where a party executes a guaranty for a contract in which a forum selection clause exists, that party is also subject to the terms of the forum selection clause);

and it appearing that venue is proper in the District of New Jersey because Delta consented to venue in this District through section 13.N of the License Agreement, see Compl. ¶¶ 12, 14 & Ex. A § 13.N; and Defendants M. S. Van Haverbeke and M. L. Van Haverbeke consented to venue in this District by signing the Guaranty, pursuant to which they acknowledged that they were personally bound by "each and every covenant, term, condition, agreement and undertaking" under the License Agreement, see Compl. ¶ 13 & Ex. D;

and it appearing that service and notice to Defendants was proper, see ECF Nos. 6–9;

and it appearing that to "state a claim for breach of contract, [MISF] must allege (1) a contract between the parties; (2) a breach of that contract; (3) damages flowing therefrom; and (4) that the party stating the claim performed its own contractual obligations," Frederico v. Home Depot, 507 F.3d 188, 203 (3d Cir. 2007);

and it appearing that the Complaint states a claim for breach of contract by alleging that: (1) Delta entered into a valid and enforceable License Agreement with MISF; (2) M. S. Van Haverbeke and M. L. Van Haverbeke provided MISF with a valid and enforceable Guaranty of Delta's obligations under the License Agreement; (3) Delta breached the License Agreement when Delta failed to pay liquidated damages and outstanding Recurring Fees to MISF; (4) MISF suffered

7

damages as a result of Delta's breach, in particular its failure to pay liquidated damages and the outstanding Recurring Fees; (5) M. S. Van Haverbeke and M. L. Van Haverbeke were obligated to pay liquidated damages and the outstanding Recurring Fees to MISF under the Guaranty; and (6) M. S. Van Haverbeke and M. L. Van Haverbeke breached the Guaranty by failing to pay liquidated damages and the outstanding Recurring Fees, see Compl. ¶¶ 15–37; see also Mallet Aff. ¶¶ 3–37;

and it appearing that the Court must consider: (1) whether the party subject to default has a litigable defense; (2) the prejudice suffered by the party seeking default if default is denied; and (3) whether defendant's delay is due to culpable conduct, Allaham, 635 F. App'x at 36;

and it appearing that as to a litigable defense, the Court finds that Defendants cannot claim a litigable defense based on the facts in the record, considering MISF has provided ample evidence that Defendants entered and breached the unambiguous terms of the License Agreement and Guaranty, see Compl. ¶¶ 15–37; Mallet Aff. ¶¶ 3–37;

and it appearing that MISF has been prejudiced by Defendants' failure to defend this lawsuit because "MISF has incurred additional costs, has been unable to move forward the prosecution of its lawsuit, and has been delayed in receiving relief, which was due and owing," Mot. at 7;

and it appearing that as for culpability, the Court finds that Defendants' failure to answer evinces culpability and that "there is nothing before the Court to show that the [Defendants'] failure to file an answer was not willfully negligent," Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc., No. 11-624, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011); see also Prudential Ins. Co. of Am. v. Taylor, No. 08-2108, 2009 WL 536403, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is nothing before the court to suggest anything other than the defendant's willful

negligence caused the defendant's failure to file an answer, the defendant's conduct is culpable and warrants default judgment);

and it appearing that the Court is satisfied that MISF has demonstrated damages for outstanding Recurring Fees from Defendants in the amount of $363,647.90 inclusive of interest through the Mallet Affidavit and the detailed itemized statement contained therein, see Mallet Aff. ¶ 36 & Ex. L;[5]

and it appearing that MISF seeks liquidated damages from Delta in the amount of $171,000.00 calculated pursuant to section 10.E(2) of the License Agreement, which sets a "floor" for liquidated damages, providing that they cannot be less than the product of $3,000.00 per guest room described on Schedule B, see Compl. ¶ 24; Mallet Aff. ¶ 32;

and it appearing that floor is $171,000.00 because the Hotel was authorized to operate 57 guest rooms—i.e., 57 multiplied by $3,000 equals $171,000.00, see Compl. ¶ 15 n.1;

and it appearing that MISF further seeks prejudgment interest on liquidated damages in the contractually agreed upon amount of 1.5% per month (18% per annum) in accordance with section 3.D(6) of the License Agreement, see Compl. ¶ 19 & Ex. A § 3.D(6); Mallet Aff. ¶ 35;

and it appearing that based on the liquidated damages amount of $171,000, MISF seeks interest in the amount of $131,386.14 for the period July 30, 2020 (thirty days from the date of termination) to November 4, 2024 (the anticipated return date of the Motion), which amounts to 1,558 days, see Mallet Aff. ¶ 35;

---

[5] The Court finds that MISF's damages figure for outstanding Recurring Fees and prejudgment interest as it relates to the outstanding Recurring Fees is further supported by the mutually agreed upon formulas set forth in sections 3.A(11), 3.D and section 14.1 of the License Agreement, as well as section 5 of the SynXis Agreement, see Compl. ¶¶ 16, 18; see also Mallet Aff. ¶¶ 27–37. Indeed, other Courts in this District have entered default judgment and awarded damages in similar cases based on similar factual support. See generally Days Inns Worldwide, Inc. v. 5 Star, Inc., No. 09-1009, 2012 WL 1232340, at *1, 5–6 (D.N.J. Apr. 11, 2012) (awarding $123,580.82 for "recurring fees" defined as "royalties, service assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees.").

and it appearing that the $131,386.14 figure is calculated by the product of $171,000.00 and 0.18, which equals $30,780.00 per annum, divided by 365, which equals $84.33 per day, then multiplied by 1,558, for a total of $131,386.14, see id.;

and it appearing that the Court is satisfied that MISF has demonstrated damages for outstanding Recurring Fees, liquidated damages, and prejudgment interest in the total amount of $666,034.04, see id. ¶ 37; Mot. at 7–8;

**IT IS** on this 22nd day of May, 2025;

**ORDERED** that MISF's Motion for Default Judgment, ECF No. 21, is **GRANTED**; and it is further

**ORDERED** that judgment is hereby entered against Defendants Delta, M. S. Van Haverbeke, and M. L. Van Haverbeke in the amount of $666,034.04 for outstanding Recurring Fees, liquidated damages, and prejudgment interest.

*s/ Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**